CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

AUG 16 2016

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| RONALD D. ENTSMINGER, JR., | ) | Civil Action No. 7:16-cv-00352 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| JUDGE HILARY GRIFFITH, | ) | By: Hon. Jackson L. Kiser |
| Respondent. | ) | Senior United States District Judge |

Ronald D. Entsminger, Jr., a Virginia inmate proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner complains about the Respondent, a state court judge, sentencing him to six-months' imprisonment for failing to pay child support. Whether proceeding via 28 U.S.C. § 2241 or § 2254, a habeas petitioner must exhaust available state court remedies before seeking federal habeas relief. See, e.g., Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 490-91 (1973); Moore v. De Young, 515 F.2d 437, 442-43 (3d Cir. 1975). Petitioner has never pursued habeas relief via state courts. Consequently, Petitioner has state court remedies available to him, no extraordinary circumstances exist in this case, and I dismiss the petition without prejudice pursuant to Rules 1(b) and 4 of the Rules Governing Section 2254 Cases. See Leonard v. Hammond, 804 F.2d 838, 843 (4th Cir. 1986) (finding habeas petitioners challenging civil confinement for not paying child support must first exhaust state court remedies before filing federal habeas petition). Based upon my finding that Petitioner has not made the requisite substantial showing of a denial of a constitutional right as required by 28 U.S.C. § 2253(c) and Slack v. McDaniel, 529 U.S. 473, 484 (2000), a certificate of appealability is denied.

ENTER: This 16th day of August, 2016.

/s/ Jackson L. Kiser
Senior United States District Judge